IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefits of NRA Construction Company, Inc., a California corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>EAI INTERNATIONAL, a California corporation; and JAMES E. ZOURCHA, an individual surety,<br><br>　　　　　　　Defendants. | 2:06-cv-434-GEB-GGH<br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |

　　　　　The May 25, 2006, Order Continuing Status (Pretrial Scheduling) Conference ("May 25 Order") reset the status conference in this case for September 25, 2006, and required Plaintiff "to file a further status report no later than September 11, 2006, in which it explains why this action should not be dismissed for its failure to litigate using default procedures or, in the alternative, how and when Plaintiff will litigate default proceedings."  (May 25 Order at 2.)

　　　　　Plaintiff filed an untimely status report on September 18, 2006, in which it states "Defendant [EAI International] is essentially

out of the case" and that "Mr. Zoucha is representing himself in pro persona and has appeared in this case." (Plf.'s Status Report at 1.) Plaintiff explains that "Mr. Zoucha has not responded to any attempt at communication regarding this Status . . . Report and therefore Plaintiff files this report . . . without his input." (Id.)

### Order to Show Cause

Plaintiff is Ordered to Show Cause (OSC) no later than 4:00 p.m. on September 26, 2006, why sanctions should not be imposed under Rule 16(f) of the Federal Rules of Civil Procedure against its counsel and/or Plaintiff for the failure to file a timely status report, as ordered.[1] The written response shall state whether the Plaintiff or its counsel is at fault, whether a hearing is requested on the OSC,[2] and whether it intends to voluntarily dismiss Defendant EAI International.

### Continuance of Status (Pretrial Scheduling) Conference and Joint Status Report Filing Requirement

The status conference is rescheduled to commence at 9:00 a.m. on December 18, 2006. If Plaintiff requests a hearing on the OSC, it will be held directly following the status conference. In accordance with the requirements set forth in the March 2, 2006, Order

---

[1] Defendant Zourcha is not subject to the OSC, despite Plaintiff's statement in its Status Report that it attempted to contact Mr. Zoucha "multiple" times in advance of the September 25 status conference, because the record does not indicate that Defendant Zourcha was ever served with the May 25 Order.

[2] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

1  Setting Status (Pretrial Scheduling) Conference, the parties shall
2  file a joint status report no later than December 4, 2006.[3]
3          IT IS SO ORDERED.
4  Dated:  September 19, 2006

                                /s/ Garland E. Burrell, Jr.
6                               GARLAND E. BURRELL, JR.
                                United States District Judge

---

[3]     The parties are reminded that "[t]he failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order. In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties." (Order Setting Status (Pretrial Scheduling) Conference, March 2, 2006, at 2, n.1.)