IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefit of NRA CONSTRUCTION COMPANY, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>EAI INTERNATIONAL; and JAMES E. ZOURCHA,<br><br>　　　　　　　Defendants. | 2:06-CV-434-GEB-GGH<br><br><br><br>ORDER[*] |

Plaintiff NRA Construction Company, Inc. ("NRA") moves for summary judgment on its Miller Act claim against Defendant James E. Zoucha[1] ("Zoucha"), a surety who issued a bond securing payment for paving work NRA performed on a federal government construction project at Travis Air Force Base. NRA declares that it completed all paving work required under its subcontract with Defendant EAI International,

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] Defendant James E. Zoucha was erroneously named as James E. Zourcha in the Complaint. (Decl. of Karen Shanbrom in Supp. of Zoucha's Opp'n to Pl.'s Mot. for Summ. J. ¶ 1.)

1

1  but received only partial payment.  (Decl. of Gerald Young in Supp. of
2  NRA's Mot. for Summ. J. ¶¶ 8, 11.)  However, Zoucha presents the
3  declaration of EAI's president, Daniel Esparza, who declares that
4  "[t]he Government rejected NRA's paving work as inadequate and not in
5  compliance with the plans and specifications for the project."  (Decl.
6  of Daniel Esparza in Opp'n to NRA's Mot. for Summ. J. ("Esparza
7  Decl.") ¶ 6).  Further, Esparza declares that "[t]he Government needed
8  to retain a replacement paving subcontractor to repair and complete
9  NRA's scope of work."[2]  (Id. ¶ 13).

10       The conflicting evidence concerns a genuine issue of
11  material fact as to whether the work at issue was completed and/or
12  defective that cannot be resolved on summary judgment.[3]  See United
13  States ex rel. Tenn. Valley Marble Holding Co. v. Grunley Const., 433
14  F. Supp. 2d 104, 116-17 (D.D.C. 2006) (denying plaintiff's motion for
15  summary judgment on Miller Act claim because issue of fact existed
16  ///
17  ///
18  ///

---

[2] NRA objects to Esparza's declaration, arguing that "Esparza's declaration does not state his personal knowledge of any alleged defective or incomplete work by NRA.  Instead, his knowledge is based solely on documents he claims to have received from the Government." (NRA's Reply at 4:15-18.)  Esparza declares that "the matters stated in [his] declaration are of [his] own knowledge."  (Esparza Decl. ¶ 2.) NRA also argues that Esparza's declaration contains hearsay. (NRA's Reply at 4:15-18.)  Hearsay is "a statement . . . offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).  "A 'statement' is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion."  Fed. R. Evid. 801(a).  NRA has not shown this evidence is offered for hearsay purposes.

[3] Summary judgment standards are well-known and need not be repeated here.

2

1 whether plaintiff's work was defective or incomplete).  Accordingly,
2 NRA's motion for summary judgment is denied.
3       IT IS SO ORDERED.
4 Dated:  December 11, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge